UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| LAVERE LEE-BRYANT #337291, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08-cv-270 |
| | ) | |
| v. | ) | HON. R. ALLAN EDGAR |
| | ) | |
| THOMAS PERTTU, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.    Factual Allegations

Plaintiff Lavere Lee-Bryant #337291, an inmate at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Manager Thomas Perttu, Administrator Richard Stapleton, Manager James Armstrong, Attorney Susan Burke, Regional Prison Administrator James MacMeekin, Warden Gregory McQuiggin, Warden Gary Capello, Deputy Warden Linda Tribley, Assistant Deputy Warden Terry Smith, Assistant Deputy Warden Jeff Larson, Resident Unit Manager Paul Tussing, Assistant Deputy Warden William Leutzow, Assistant Deputy Warden William Jondreau, Resident Unit Manager William Delene, Sergeant D. Perry, Resident Unit Manager Ralph Sackett, Assistant Resident Unit Supervisor Tammy Gajewski, Sergeant D. Frechen, Assistant Resident Unit Supervisor Robert Warr, Assistant Resident Unit Supervisor Todd Tollefson, Resident Unit Officer Mark LaPlante, Parole Board Member James Berrios, Parole Board Member Laurin Thomas, Regional Prison Administrator Jeri-Ann Sherry, Sergeant R. Curtis, Sergeant D. Killian, Resident Unit Officer Sean Minerick, Resident Unit Officer John VanAbel, Sergeant John Perry, Resident Unit Officer John Rampala, Resident Unit Officer Thomas Reecker, Resident Unit Officer Stewart Dewar, Resident Unit Officer Dean Huhta, Resident Unit Officer Louis Reeder, Sergeant R. Hockings, Resident Unit Officer D. Lajimodiere, Resident Unit Officer W. Vertenan, Resident Unit Officer J. LaChance, Resident Unit Officer Unknown Goodreau, Resident Unit Officer Unknown Haapala, Resident Unit Officer L. LaPlante, Resident Unit Officer Charles Nagele, Resident Unit Officer Unknown Lapointe, Corrections Officer R. Coppler, Hearing Investigator Judi Green, and Parole Board Member Miguel Berrios.

- 2 -

Plaintiff alleges that on August 3, 2007, Defendants Luetzow classified Plaintiff to administrative segregation.  On August 15, 2007, Plaintiff filed a grievance, which was responded to by Stephen Raymond, who admitted that Plaintiff was not properly classified but refused to rectify the situation.  Plaintiff's continued confinement in administrative segregation was approved by Defendants Armonstrong, McQuiggin, Jondreau, Tribley, Luetzow, Perttu and Warr.

On October 16, 2007, Defendants Tribley, Jondreau, Perttu and Warr approved a 30 day extension in administrative segregation for Plaintiff citing: "poor reports, argumentative and loud, history of [assaults]," and recent misconduct reports.  This decision was approved by Defendants McQuiggin and MacMeekin.  On November 15, 2007, Plaintiff appealed the 30 day extension, to no avail.  On November 21, 2007, Defendants Tribley, Smith, Perttu, and Warr requested another 30 day extension of Plaintiff's administrative segregation placement and on November 28, 2007, they completed another review on Plaintiff, stating that he had an extensive history of misconducts and needed to stay misconduct free in order to be moved to the general population.

On December 10, 2007, Plaintiff asked why he had not been released from administrative segregation and stated that the Security Classification Committee's request for administrative segregation continuance had disappeared.  Defendant Perttu stated that Plaintiff was not going anywhere and that he would check into the situation.  Defendant Perttu then crossed out Defendant MacMeekin's written disapproval on the request for continued administrative segregation placement and approved the request.  On December 12, 2007, Defendants Tribley, Smith, Perttu, and Warr again requested that Plaintiff be kept in administrative segregation for an additional 30 days. This request was approved by Defendants McQuiggin and MacMeekin.

On December 26, 2007, Defendant Perttu ignored Plaintiff's request to have legal mail processed.  Defendant Perttu instead filed a false misconduct report on Plaintiff, claiming that he had engaged in threatening behavior.  Plaintiff contested the report and provided witness statements from other prisoners.  On January 15, 2008, Defendant Burke found Plaintiff guilty of the major misconduct.  Plaintiff filed a request for rehearing, which was denied by Defendant Stapleton on March 3, 2008.

On February 3, 2008, Defendant Tussing recommended that Plaintiff be continued in administrative segregation for an additional 30 days.  On March 21, 2008, Defendants Tribley, Larson, Smith, Sackett, and Perry requested another 30 day continuance in administrative segregation, which was approved by Defendants McQuiggin and MacMeekin.  The reason for this continuance was that Plaintiff had not refrained from receiving misconduct tickets.  However, during an interview with Plaintiff, Defendant Tribley stated that Plaintiff would be kept in administrative segregation until he ceased his litigation activities.  Plaintiff filed a grievance, which was reviewed by Defendant Sackett despite the fact that he was personally involved in the subject matter of the grievance.

On April 16, 2008, Defendants Tribley, Larson, Jondreau, Sackett and Perry recommended that Plaintiff be continued in administrative segregation for an additional 30 days.  This recommendation was approved by Defendants McQuiggin and Sherry.  Plaintiff filed a grievance regarding his continued segregation, and Defendant Tribley responded by noting that Plaintiff had a long history of administrative segregation placements and misconduct convictions and that Plaintiff's attitude and behavior would need to change before he could be housed in the general population.  Plaintiff's administrative segregation confinement was subsequently continued until the

present time, with 30 day continuances being approved each month.   Plaintiff asserts that Defendants' conduct violated his due process and equal protection rights, as well as his right to be free from retaliation and cruel and unusual punishment.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was improperly found guilty of major misconducts, which resulted in the loss of privileges, disciplinary time and the denial of parole, as well as his continued confinement in administrative segregation.  The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).  In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause.  According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*,

515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). *But cf. Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005) (placement in "supermax" facility sufficiently atypical to implicate due process). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484.

Plaintiff names parole board members as defendants in this case. Assuming Plaintiff is complaining about the denial of parole, he fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

As noted above, Plaintiff claims that he was improperly found guilty of major misconducts, which resulted in the loss of disciplinary time. Plaintiff does not have a liberty interest in disciplinary credits. As recently noted by the Sixth Circuit in addressing whether the loss of disciplinary credits by a prisoner necessarily affects the length of his sentence:

> MDOC claims that Thomas's loss of disciplinary credits necessarily lengthens his sentence, and that Thomas's § 1983 claim therefore is barred under the habeas exception. However, the decision in *Ryan v.*

- 6 -

> *Department of Corrections,* 259 Mich.App. 26, 672 N.W.2d 535
> (Mich.Ct.App.2003), belies this argument. *Ryan* notes that
> disciplinary "credits are explicitly tied to a prisoner's parole eligibility
> date and discharge date.... Thus, credits do not determine when a
> sentence expires or is completed, but only when a prisoner is subject
> to parole or discharge." *Id.* at 541. This passage and the statute's text
> demonstrate that, as in *Dotson,* success in Thomas's § 1983 claim
> would not necessarily affect the duration of his sentence because
> prison officials would retain discretion regarding whether to grant
> him parole. Accordingly, the habeas exception does not bar Thomas's
> § 1983 claim.

*Thomas v. Eby*, 481 F.3d 434, 439 -440 (6th Cir. 2007). Therefore, disciplinary credits are like the possibility of parole in that they do not necessarily affect the length of a prisoner's sentence. Consequently, Plaintiff has no liberty interest in the loss of disciplinary credits.

Furthermore, Plaintiff's complaint establishes that if Plaintiff had a right implicating the due process protections of the Constitution, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984 (1990). The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9, 100 S. Ct. 553, 558, n. 9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125, 110 S. Ct. at 983 (1990)

(emphasis in original).  Further, an inmate has no right to counsel in disciplinary proceedings.  *Wolff v. McDonnell*, 418 U.S. 539, 569-70, 94 S. Ct. 2963, 2981 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).  According to the allegations in Plaintiff's complaint, as well as the attachments to the complaint, he received hearings in which he was allowed to present evidence.  In addition, with regard to Plaintiff's confinement in administrative segregation, Plaintiff's classification was reviewed every 30 days by members of the Security Classification Committee (SCC).  Therefore, Plaintiff's due process claims are properly dismissed.

Plaintiff also claims that Defendants' conduct violated his equal protection rights.  The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Plaintiff's assertions on this point are wholly conclusory.  Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

Plaintiff contends that his confinement in administrative segregation violated his rights under the Eighth Amendment.  The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976).  To establish an Eighth

Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).   Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.*  Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9(1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999).  Although it is clear that Plaintiff was denied certain privileges as a result of his administrative segregation, he does not allege or show that he was denied basic human needs and requirements.  The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999).  Moreover, Plaintiff cannot not bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury.  *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at *2 (6th Cir. June 27, 2000); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000).  As such, Plaintiff fails to state an Eighth Amendment claim against Defendants.

Finally, Plaintiff claims that he was convicted of major misconducts and was kept him in segregation in retaliation for his use of the grievance system.  Retaliation based upon a prisoner's

exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In this case, Plaintiff received classification reviews from the SCC every 30 days whiled in administrative segregation. According to the attachments to Plaintiff's complaint, he was continued in administrative segregation because of his inability to conform with institutional rules. Plaintiff was initially placed in administrative segregation on July 11, 2006, because he had been masturbating in front of a female corrections officer, had destroyed property and had disobeyed a direct order. The step I response to AMF 07110415622B, dated December 7, 2007, indicates that Plaintiff received 23 misconduct tickets while in administrative segregation and was argumentative and loud. In the February 28, 2008, step II response to AMF 07110423822B, Defendant McQuiggin states that despite Plaintiff's assertion to the contrary, the Regional Prison Administrator did not support a release from administrative segregation and that Plaintiff was being continued in administrative segregation due to his sexual misconducts. Plaintiff concedes that he was found guilty of numerous misconduct tickets after being given misconduct hearings. Where plaintiff is ultimately found guilty of misconduct charges, Plaintiff cannot state a claim for retaliation arising

from the misconduct charges.  *Wilson v. Phipps*, No. 97-1661, 1998 WL 384560, at *1 (6th Cir. June

18, 1998) (citing *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam)).  Therefore,

the court will dismiss Plaintiff's retaliation claims.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the

court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant

to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith

within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the court will assess the

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is

barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: _____3/6/09_____         _____
                                                          /s/ R. Allan Edgar
                                                     R. ALLAN EDGAR
                                                     UNITED STATES DISTRICT JUDGE

- 11 -